UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL K.,

                     Plaintiff,

v.                                                                   CASE # 21-cv-01108

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEWIS L. SCHWARTZ, PLLC<br>  Counsel for Plaintiff<br>1231 Delaware Ave<br>Suite 103<br>Buffalo, NY 14209 | LEWIS L. SCHWARTZ, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | SCOTT ELLIOTT, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.  RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born on March 17, 1969 and has at least a high school education. (Tr. 288, 292). Generally, plaintiff's alleged disability at the time of application was depression and a stroke. (Tr. 291). His alleged onset date of disability was November 6, 2017, and his date last insured was December 31, 2023. (Tr. 22).

### B.  Procedural History

On December 21, 2018, plaintiff protectively applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act and a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 236). Plaintiff's applications were denied, after which he filed a request for reconsideration (Tr. 163-64) which was subsequently denied. (Tr. 165-188). On January 2, 2020, he timely requested a hearing before an Administrative Law Judge (ALJ). On November 2, 2020, plaintiff appeared telephonically before ALJ Laura Michalec Olszewski. (Tr. 40-82). On December 28, 2020, ALJ Olszewski issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 17-39). On August 11, 2021, the Appeals Council (AC) denied plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Plaintiff then appealed the unfavorable decision to the United States District Court for the Western District of New York. (Dkt. No. 1).

In the interim, plaintiff filed a subsequent application for DIB and SSI, alleging disability beginning on December 29, 2020, which was granted. (Tr. 811).

### C.  The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1.	The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2.	The claimant has not engaged in substantial gainful activity since November 6, 2017, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3.	The claimant has the following severe impairments: COPD, status post ischemic stroke, hypertension, hyperlipidemia, alcohol use disorder, cannabis use disorder, adjustment disorder, depressive disorder, anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.	After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: They can frequently climb ramps and stairs but can occasionally climb ladders, ropes, and scaffolds. The individual can occasionally use judgment and make decisions, and can have occasional changes in work setting. They can perform simple and routine tasks. The individual can have occasional exposure to respiratory irritants such as dust, odors, fumes and gases and extreme hot and cold temperatures. The individual can frequently handle finger and feel with the dominant upper extremity with no restrictions on the non-dominant upper extremity.

6.	The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.	The claimant was born on March 17, 1969 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.	The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9.	Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.	Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.	The claimant was not under a disability, as defined in the Social Security Act, from November 6, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 17-33).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Argument

Plaintiff advances two arguments in support of his motion. (Dkt. No. 11 [Pl's Mem. of Law]). First, plaintiff argues a subsequent favorable determination by the Commissioner is new and material evidence which warrants remand. Next plaintiff contends the ALJ erred in evaluating the opinion of physician assistant Ms. Jaworski.

### B.     Defendant's Arguments

Defendant responded to each of plaintiff's arguments, asserting remand is not warranted because a subsequent determination is not new and material evidence and the ALJ appropriately considered all opinion evidence. (Dkt. No. 15 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

### A.  New And Material Evidence

Plaintiff argues his subsequent favorable disability decision warrants remand because it is new and material evidence that merits further consideration on appeal. However, the subsequent decision is not evidence and it has no bearing on the relevant time period at issue here. *See, e.g., Hairston-Scott v. Comm'r of Soc. Sec.*, No. 20-758, 2021 WL 3777581, at *2 (2d Cir. Aug. 26, 2021) (concluding the district court did not need to consider a subsequent favorable decision because it was "not relevant to the claimant's condition during the time period for which benefits were denied and could not have influenced the Commissioner's decision pertaining to an earlier time period."); *Lopez v. Kijakazi*, No. 1:20-CV-07912 (MKV) (SDA), 2022 WL 832028, at *2 (S.D.N.Y. Mar. 21, 2022) ("Remand on the grounds of the subsequent favorable decision is therefore inappropriate because the later decision with respect to a subsequent time period is not material evidence with respect to the earlier application.").

While plaintiff relies heavily on the *Mikol* case, various circuit courts since that decision have cast doubt that a subsequent favorable decision, in and of itself, constitutes new and material evidence warranting remand. *See e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652-54 (6th Cir. 2009); *Baker v. Comm'r of Soc. Sec.*, 520 F. App'x 228, 229 n.* (4th Cir. 2013) (per curiam); *Cunningham v. Comm'r of Soc. Sec.,* 507 F. App'x 111, 120 (3d Cir. 2012) (per curiam). The Second Circuit, likewise, agreed that "[t]he mere existence of the subsequent decision in [a

claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding." *Caron v. Colvin*, 600 F. App'x 43, 44 (2d Cir. 2015) (*quoting Allen*, 561 F.3d at 653).

First, it is widely held that the subsequent favorable decision is not new evidence but rather it is a conclusion based on evidence. *See, e.g., Caron*, 600 F. App'x at 44; *Lopez*, 2022 WL 832028, at \*2; *see generally Horn v. Comm'r of Soc. Sec.*, No. 13-CV-1218 NGG, 2015 WL 4743933, at \*22 n.9 (E.D.N.Y. Aug. 10, 2015) (explaining "the case law reflects doubt that a subsequent favorable decision can be considered new evidence for sixth-sentence purposes") (collecting cases). Second, the subsequent favorable decision is not material because it does not concern plaintiff's condition during the relevant time period. *See, e.g., Hairston-Scott*, 2021 WL 3777581, at \*2; *Caron*, 600 F. App'x at 44. "Evidence that is material must be both (1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." *Lopez*, 2022 WL 832028, at \*2. By Agency decision dated April 11, 2022, plaintiff was found disabled as of December 29, 2020, which was a day after the prior ALJ decision and after the relevant time period in this case. In his subsequent application, plaintiff also only alleged that he was disabled since December 29, 2020. There was no request for a reopening or implied request by alleging an earlier onset date. The agency, as well as State agency consultant Gregory Zito, also made clear that the subsequent determination only applied for the period beginning on December 29, 2020, which is after the period relevant to the ALJ's decision. (Dkt. No. 14 at 16-17, 19). Therefore, the subsequent decision is accordingly immature because it does not address plaintiff's condition during the relevant time period at issue here.

### B. Opinion Evidence

Next plaintiff contends the ALJ failed to properly evaluate the opinion of treating physician assistant (PA) Ms. Jaworski. (Dkt. No. 11). Essentially plaintiff argues the ALJ should have found

7

Ms. Jaworski's opinion more persuasive and adopted her limitations in formulating the RFC. However, in reaching her conclusions about plaintiff's RFC, the ALJ appropriately considered the record as a whole, including other medical opinion evidence.

As an initial matter, the ALJ correctly applied the new set of regulations for evaluating medical evidence when discussing the opinion evidence. *See, e.g.*, 20 C.F.R. § 416.920c. Notably, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. While the ALJ must articulate his consideration of all medical opinions, the new regulations no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., a requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 416.927(c)(2) (2016) and 20 C.F.R. § 416.927(c)(2) (2017) with 20 C.F.R. § 416.920c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) Supportability; (2) Consistency; (3) Relationship with the claimant (which includes: (i) Length of the treatment relationship; (ii) Frequency of examinations; (iii) Purpose of the treatment relationship; (iv) Extent of the treatment relationship; and (v) Examining relationship); (4) Specialization; and (5) Other factors. 20 C.F.R. §§ 416.920c(a)-(c) (2017). Under the new regulations, the ALJ must explain in her decision how persuasive she finds medical source's medical opinions and/or prior administrative medical findings based on the most important factors of supportability and consistency. 20 C.F.R. § 416.920c(b)(2)(2017).

On September 22, 2020, PA Donna Jaworski at WNY Medical completed a Stroke Residual Function Capacity Questionnaire. (Tr. 858-66). The majority of the form is difficult to read, however, Ms. Jaworski notes that plaintiff suffered from right side weakness from his elbow

8

to fingertips and his knee to the tips of his toes. (Tr. 859). She opined plaintiff could stand and/or walk for only 2 hours per day; would have significant limitations in reaching, handing and fingering; and was unable to perform even "low stress" jobs stating "[patient] has extreme difficulties with reasoning, focus and attention span, unable to perform meaningful employment." (Tr. 861-63). In finding the Jaworski opinion unpersuasive the ALJ applied the supportability and consistency factors to conclude it was unsupported by plaintiff's lack of lack of continued symptoms complaints and largely normal examination findings of Ms. Jaworski, and inconsistent with plaintiff's level of daily activities, treatment notes, and other doctor reports. (Tr. 28-30).[1]

As an initial matter, Ms. Jaworski's statement that "it is doubtful at this time that patient is able to hold down any job" is an issue reserved to the Commissioner and was "inherently neither valuable nor persuasive to the issue of whether [Plaintiff was] disabled." 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3). The regulations expressly state the "[the ALJ] will not provide any analysis about how [she] considered such evidence in [her] determination or decision." 20 C.F.R. § 404.1520b(c), 416.920b(c). Thus, the ALJ did not commit error by omitting this from his analysis. *See Rachel D. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01000-EAW, 2021 WL 5707328, at *6 (W.D.N.Y. Nov. 29, 2021) ("[U]nder the new regulations applicable to Plaintiff's claim, an ALJ is not required to discuss statements on issues reserved to the Commissioner.").

Plaintiff's argument primarily focuses on the opinion as it pertains to significant limitations with reaching, handling, and fingering. (Dkt. No. 11 at 17-19). The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that his RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was

---

[1] The ALJ expressly found unpersuasive Ms. Jaworski's August 2020 statement that plaintiff was unable to perform meaningful employment. (Tr. 30). Accordingly, Ms. Jaworski's September 2020 statement was merely cumulative of evidence already considered by the ALJ. *See Zabala v. Astrue,* 595 F.3d 408 (2d Cir. 2010).

supported by substantial evidence in the record. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009). While the ALJ did discuss normal grip strength at one visit, she also specifically cited plaintiff's continual denial of weakness to Ms. Jaworski at multiple visits. (Tr. 28-30, 594, 610, 617, 629, 649, 657). Additionally, during a neuropsychological evaluation with Dr. Santa Maria plaintiff exhibited subtle to mild residual weaknesses such as borderline grip strength. The doctor noted that plaintiff appeared to give "suboptimal" effort on quantitative assessment in the context of disability seeking. Dr. Santa Maria found that plaintiff had only mildly deficient fine motor speed and coordination in the bilateral hands. (Tr. 29, *citing to* Tr. 573-78). ALJ Olszewski reasonably relied on plaintiff's lack of effort as evidence that undercut his subjective complaints. (Tr. 30-31; *see Lee W. v. Comm'r of Soc. Sec.,* No. 1:20-CV-008-DB, 2021 WL 1600294, at *7 (W.D.N.Y. Apr. 23, 2021) (the ALJ appropriately found that the claimant's "suboptimal effort" during neuropsychiatric testing undercut his subjective complaints). During a consultative examination with Dr. Dave, plaintiff had intact dexterity, could zip, button, and tie bilaterally, and had only "slight" difficulty performing these tasks with the right hand. (Tr. 406). Drs. Brauer and Ehlert specifically reviewed Dr. Dave's examination findings and expressly found that plaintiff did not have any manipulative limitations. (Tr. 92-94, 118-19).

The ALJ's analysis of Ms. Jaworski's opinions satisfied the regulatory requirements, and plaintiff's argument is an improper request to have this Court reassess evidence in his favor. *See* Dkt. No. 11 at 17-19; *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."). Plaintiff has not met his burden of showing that the ALJ acted unreasonably in discounting Ms. Jaworski's opinions for the reasons described above. *See, Schillo v. Kijakazi*, 31

F.4th 78 (2d Cir. 2022 ("Under our very deferential standard of review, *see Brault*, 683 F.3d at 448, we cannot say that no reasonable factfinder could have reached the same conclusion.").

Here, the ALJ reasonably considered that plaintiff's objective treatment history, which included multiple instances of normal examination findings and evidence of generally controlled conditions, supported the RFC. (Tr. 27-30). While he suffered a stroke and required hospitalization, plaintiff had normal left ventricular functioning at the time of discharge in November 2017, and he did not seek treatment again until May 2019 for an impairment related to alcohol consumption with normal musculoskeletal and neurological findings. (Tr. 27, *citing to* Tr. 420-21, 426-28, 433, 440-447). In October 2019, January 2020, February 2020, and March 2020 plaintiff saw Ms. Jaworski, and had "no complaints." (Tr. 657, 689). In early 2020, plaintiff informed Ms. Jaworski that he no longer required blood pressure medication. (Tr. 617). Plaintiff also reported that he could walk 50 blocks per day at a neurology visit, and further stated he could live by himself, cook, and ambulate without an assistive device. (Tr. 28, *citing to* Tr. 632, 897). In June 2020, plaintiff informed Ms. Jaworski that he was doing "very well" and had no cramping, pain, swelling, weakness, anxiety, depression, or mood changes. (Tr. 29, *citing to* Tr. 594). Plaintiff also stopped taking his mental health medication because he did "not need it any longer." (Tr. 595). He informed Ms. Jaworski that he also no longer needed a monitor or a beta-blocker for his cardiovascular conditions. (Tr. 595). In September 2020, Ms. Jaworski observed plaintiff to have intact grip strength. (Tr. 30, *citing to* Tr. 875).

The ALJ also supported the RFC with multiple medical opinions which she found persuasive, which plaintiff does not argue was error.  For instance, the ALJ found persuasive consultative internist Nikita Dave's June 2019 opinion that plaintiff should avoid ladders, unprotected heights, and sharp instruments and machinery, as well as "animal dander, extremely

polluted environments, dusty, or activities involving animal care due to allergies." (Tr. 27, *citing to* Tr. 406). At Dr. Dave's examination, plaintiff exhibited a normal gait, full range of motion in the upper and lower extremities, 4+/5- muscle strength on the right, 5/5 muscle strength on the left, and intact dexterity. (Tr. 27, *citing to* Tr. 404-06; see 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (supportability). The ALJ also pointed out that Dr. Dave's opinion was consistent with plaintiff's daily activities, and as the ALJ previously noted, these activities included Plaintiff's ability to shop, cook, clean, and walk several blocks per day. (Tr. 25, 27, *citing to* Tr. 406; see 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (consistency); *see also* Tr. 574 (Plaintiff independent in cooking, laundry, housekeeping, medication management, and shopping).

Plaintiff has not introduced any evidence showing that he was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. Therefore, remand is not warranted.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is
**DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 15) is
**GRANTED.**

Dated: June 26, 2023                             *J. Gregory Wehrman*
Rochester, New York                              HON. J. Gregory Wehrman
                                                 United States Magistrate Judge